IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN RE:<br><br>DANIEL L. KOCH<br><br>Debtor. | Case No.4:11-bk-40529-TJM<br>Chapter 13 |
| DANIEL L. KOCH,<br><br>Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE; and TMS MORTGAGE INC. d/b/a THE MONEY STORE,<br><br>Defendants. | Adversary No. 4:11-ap-04058-TJM |

### BRIEF IN SUPPORT OF MOTION TO DISMISS ADVERSARY PROCEEDING AMENDED COMPLAINT WITH PREJUDICE

Defendant Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A. (improperly named as "WELLS FARGO BANK, N.A., d/b/a WELLS FARGO HOME MORTGAGE") (hereinafter, "Wells Fargo") respectfully submits this Brief in Support of Motion to Dismiss Adversary Proceeding Amended Complaint With Prejudice (the "Motion").

### I.   INTRODUCTION

Plaintiff claims ownership in certain real estate he purchased with money secured by a loan and promissory note executed by TMS Mortgage Inc., d/b/a The Money Store (hereinafter, "TMS"). Plaintiff claims that he has failed to make any payment for fourteen years on that

4846-7397-3002.1

promissory note secured by a deed of trust. Plaintiff contends that because he has made no payment for fourteen years, the applicable statutes of limitations have run, and the debt is no longer enforceable. Plaintiff also alleges that Wells Fargo violated the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq.*, when it contacted Plaintiff despite his representation by counsel. However, because the applicable statute of limitations for judicial foreclosure has not run, Plaintiff has failed to state a claim to avoid the debt. Plaintiff also cannot state a claim for laches because, there is no affirmative cause of action for laches, and, regardless, the statute of limitations has not run. Further, even if the foreclosure of the Property were time barred, which it is not, Plaintiff may not seek to avoid the debt without alleging tender of amounts due under the loan. Plaintiff's FDCPA claim fails because Plaintiff cannot allege Wells Fargo was engaged in "debt collection" activities through its actions in foreclosing on the Property. As such, and because all of these grounds are legal and determinable from the face of the pleading, dismissal is appropriate.

## II.    BACKGROUND[1]

1.    Plaintiff is an individual who resides in Lincoln County, Nebraska. (Amended Complaint, ¶ 1).

2.    The subject property is described as real estate located in Lincoln County, Nebraska, with a legal description:

> Lot 6 and 7, Block 1, Miner Hinman's Addition to North Platte, Lincoln County, Nebraska

(the "Property") (Amended Complaint, ¶ 2).

3.    Plaintiff executed a promissory note (the "Note") in favor of TMS in the amount of $26,975.00 on or about October 31, 1997 and a deed of trust recorded on November 12, 1997

---

[1] The following factual allegations are taken from Plaintiff's Complaint and are accepted as true only for purposes of the Motion to Dismiss. Plaintiff's alleged legal conclusions are not included or accepted to be true.

in the real estate records of Lincoln Count, Nebraska in book 565 at page 684.  (Amended Complaint, ¶ 11, Exs. "A" and "B").

4. Plaintiff has made no payments on the Note since October 31, 1997.  (Amended Complaint, ¶ 12).

5. A first Notice of Default on the deed of trust securing the Note was filed in the real estate records of Lincoln County, Nebraska on December 22, 2000.  (Amended Complaint, ¶ 15 and Ex. "C").

6. A second Notice of Default on the deed of trust securing the Note was filed in the real estate records of Lincoln County, Nebraska on December 16, 2010.  (Amended Complaint, ¶ 17 and Ex. "D").

7. Plaintiff notified Wells Fargo that he was represented by counsel in response to communications received by Plaintiff regarding the Note.  (Amended Complaint, ¶¶ 33-34 and Ex. "E").

8. Plaintiff was contacted personally by Wells Fargo by mail on November 8, 2010, November 18, 2010, November 23, 2010, and November 29, 2010.  (Amended Complaint, ¶ 35 and Ex. "F").

### III.  ARGUMENT

**A. The Court Should Dismiss Plaintiff's Amended Complaint for Failure to State a Claim Under Rule 12(b)(6)**

**1. Standard Under Rule 12(b)(6)**

A complaint must be dismissed if it does not plead "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 540 U.S. at 555. (citations omitted). If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* "Although [courts] must take all factual allegations as true when considering a motion to dismiss, [courts] need not accept conclusory legal allegations as true." *Great Plains Trust Co. v. Union Pac. R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). *See Moore v. Frazier*, 316 F. Supp. 318, 320 (D. Neb 1970) (dismissing complaint because it was "devoid of allegations concerning such essential elements" of the cause of action).

2. **Plaintiff's First Cause of Action Fails to State a Claim for Disputing the Validity and Enforceability of the Debt or to Avoid the Lien.**

In his first cause of action, Plaintiff requests an order from this Court declaring that Wells Fargo lacks standing to pursue foreclosure of the Property, that foreclosure is barred by the statute of limitations, and that the lien in this instance can be avoided. Plaintiff admits that he has not made payment on the Note for fourteen years, but contends that all applicable statutes of limitation have run and he is therefore entitled to a declaratory judgment. (Amended Complaint, ¶ 27 and Prayer).

   a. **Plaintiff's Failure to Tender Amounts Due Under the Note Bars His Claim to Avoid the Lien.**

Plaintiff seeks equitable relief in avoiding the debt he assumed when accepting the loan proceeds. "If a litigant asks affirmative equitable relief, he will be required to do justice himself with regard to any equity arising out of the subject-matter of the action in favor of his adversary." *Bank of Alma v. Hamilton*, 85 Neb. 441, 123 N.W. 458 (1909); *Love v. Park*, 95 Neb. 729, 146 N.W. 941, 942 (1914) ("he who seeks equity must do equity"). Even if Plaintiff's

contentions regarding the statutes of limitations were correct (authority establishing the contrary is discussed below), Plaintiff fails to state a claim unless he alleges tender of all amounts due under the loan. An "unpaid mortgage, though barred…could not be removed as a cloud upon the title without payment." *Barney v. Chamberlain*, 85 Neb. 785, 124 N.W. 482, 486 (1910) (requiring payment of the amount of mortgage debt plus interest). The mortgage "maybe unenforceable, but it cannot be removed without payment." *Id*. Plaintiff is not entitled to keep the Property and simultaneously avoid the debt under Nebraska law. Plaintiff is "not entitled to both [his] land" and the loan proceeds received. *See Gnuse v. Garrett*, 129 Neb. 265, 261 N.W. 143, 144 (1935).

Plaintiff's Amended Complaint does not allege that he has tendered all amounts due under the loan. (Amended Complaint, *passim*.). Plaintiff admits he has not made payment for fourteen years, while retaining the Property. (Amended Complaint, ¶ 12). As such, Plaintiff is not entitled to the equitable relief sought in the first cause of action.

      **b.**    **The Statute of Limitation for Foreclosure By Law Upon a Mortgage Has Not Expired.**

Plaintiff contends "[b]ecause the Defendants have failed to bring a timely action against Plaintiff for either sale by trust deed or foreclosure action, Defendants are now time barred from doing so." (Amended Complaint, ¶ 24). Plaintiff claims that when he first missed a payment, and defaulted on the note, the statute of limitations accrued. (Amended Complaint, ¶ 19). Plaintiff alleges that the applicable statutes of limitations are Nebraska Revised Statutes Sections 25-202 and 25-205. However, the applicable statutes of limitations regarding foreclosure on Plaintiff's default have not run. Moreover, Plaintiff does not plead that the expiration of the statute of limitations regarding payment of the Note would entitled him to retain the Property.

Which statute of limitations applies is a question of law. *Mandolofo v. Mandolfo*, 281 Neb. 443, 447, 796 N.W.2d 603, 608 (2011). Plaintiff admits having executed a deed of trust securing his obligations under the Note. (Amended Complaint, ¶ 11). Deeds of trust in Nebraska are governed by Nebraska Revised Statute §§ 76-1001 to 76-1018. Nebraska Revised Statute § 76-1015 defines the applicable statutes of limitations which apply to foreclosure under a deed of trust. A deed of trust, though, may be foreclosed upon using either the power of sale contained within the trust deed or through the process proscribed for the foreclosure of mortgages. Neb. Rev. Stat. § 76-1015; *PSB Credit Services, Inc. v. Rich*, 251 Neb. 474, 476, 558 N.W.2d 295, 297 (1997) ("Two alternative methods of foreclosing a trust deed are available to the beneficiary of that deed.") If a beneficiary chooses to foreclose a trust deed in the manner proscribed for mortgages under Nebraska Revised Statute § 76-1005, the applicable statute of limitations is that contained in Nebraska Revised Statute § 25-202, or "within 10 years of the date the debt secured by the mortgage matured." *PSB Credit Services*, 251 Neb. at 477, 558 N.W.2d at 297.

"If the facts in a case are undisputed, the issue as to when the statute of limitations begins to run is a question of law." *Dutton-Lainson Co. v. Continental Ins. Co.*, 271 Neb. 810, 824, 716 N.W.2d 87, 99 (2006); *World Radio Laboratories, Inc. v. Coopers & Lybrand*, 4 Neb.App. 34, 50, 538 N.W.2d 501, 512 (1995). In this case, the facts related to Plaintiff's default are not in dispute. Under Nebraska law, the date of maturity of the deed of trust or mortgage "is stated in or is ascertainable from the filed record of the mortgage or deed of trust." Neb. Rev. Stat. § 25-202(2)(a); *Vanic v. Oehm*, 247 Neb. 298, 303, 526 N.W.2d 648, 652 (1995) ("the debt is created by the agreement, and it is thus that document which determines when the debt matured"). Plaintiff admits he executed a deed of trust which secured the promissory note. (Amended

Complaint, ¶ 11 and Ex. "B"). The deed of trust executed by Plaintiff establishes that the debt secured was "due and payable on December 1, 2027." (Complaint, Ex. "B"). Thus, the statute of limitations regarding foreclosure of the Property "in the manner provided for by law for the foreclosure of mortgages on real estate" has not run and Plaintiff cannot avoid the debt. Further, even if an action to recover the debt could possibly be considered to be time-barred, an action to foreclose on the Property may still be brought within the period established under § 25-202. *J. I. Case Credit Corp. v. Thompson*, 187 Neb. 626, 627-28, 193 N.W.2d 283, 284 (1971) (upholding judgment of foreclosure despite an action on the promissory note being barred by the statute of limitations). The argument as to accrual of the Statute of Limitations being from the first instance of default is unsupportable by – and in sharp contrast with – the plain language of the statutes.

Plaintiff's basis for requesting declaratory relief is that "all applicable statutes of limitations have run. Plaintiff neglects, however, that judicial foreclosure is still permissible under the statute of limitations based on his default and the contractually agreed upon date of maturity of the loan. Plaintiff does not deny the existence of the obligation or his own default under the terms of the deed of trust. As such, Wells Fargo retains an interest in the Property and retains the ability to foreclose on the Property.

      **c.**    **Plaintiff Fails to State a Claim Based on the Alleged Failure of Wells Fargo to Produce Evidence of an Assignment and Plaintiff's Challenge to Wells Fargo's Standing is Not Ripe.**

In addition to Plaintiff's assertions regarding the statute of limitations, Plaintiff also contends that "Wells Fargo can produce no evidence or proof of TMS's assignment" and thus "has no standing to foreclose upon the Alleged debt between Dan Koch and TMS." (Amended Complaint, ¶ 23.) This claim fails for multiple reasons.

First, any claim by Plaintiff regarding a party's standing or authorization to foreclose through the judicial foreclosure process is not yet ripe for adjudication. Article III courts are not empowered to offer advisory opinions, thus a case or controversy must be ripe before it can be adjudicated. *Public Water Supply Dist. No. 8 of Clay County, Mo. V. City of Kearney, Mo.*, 401 F.3d 930, 932 (8th Cir. 2005). "The ripeness doctrine applies to declaratory judgment actions." *Id*. Plaintiff seeks a declaration from this Court regarding the standing of Wells Fargo to pursue a judicial foreclosure action which has not yet been brought. (*See* Amended Complaint, ¶ 23.) Plaintiff seeks to assert that any judicial foreclosure would be brought by Wells Fargo, but until such an action is filed, any such conclusion would be "based on hypothetical facts." *Clay County*, 401 F.3d at 932. An Article III court is not empowered to "advis[e] what the law would be [based] upon a hypothetical state of facts." *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).

This lack of ripeness is further evidenced by that fact that Plaintiff attempts to shift the burden required to show a lack of standing onto Wells Fargo. (*See* Amended Complaint, ¶¶ 8, 9, 23.) In this action, it is Plaintiff who must plead each of the elements necessary to state a cause of action. Plaintiff has not plead facts indicating Wells Fargo's lack of standing. No cause of action for judicial foreclosure has been filed and Plaintiff seeks to require Wells Fargo prove it has standing to prosecute a claim that Wells Fargo has not yet asserted.

Plaintiff seeks to draw inferences from the nonjudicial foreclosure documents previously recorded, but those documents were not subject to the constitutional standing requirement that Plaintiff attempts to rely upon here. Any actions taken under the Nebraska Trust Deeds Act do not provide a basis for Plaintiff to allege Wells Fargo will be the party claiming an interest in the Deed of Trust in any judicial foreclosure proceeding. The rules governing judicial foreclosure and nonjudicial foreclosure pursuant to the power of sale in a Deed of Trust are separate and

distinct. *See, e.g.*, *Blair Co. v. American Savings Co.*, 184 Neb. 577, 559, 169 N.W.2d 292, 294 (1969) (the Trust Deeds Act "permits the use of an instrument which may be foreclosed by sale without the necessity of judicial proceedings"); *Bank of Papillion v. Nguyen*, 252 Neb. 926, 932, 567 N.W.2d 166, 170 (1997). The Nebraska Trust Deeds Act does not require a party establish that it has standing as the owner or interest-holder in a promissory note. Nebraska Revised Statute section 76-1005 allows the power of sale to be conferred upon the trustee and the property sold upon breach of the obligation. Neb. Rev. Stat. § 76-1005. Additionally, the Nebraska Trust Deeds Act permits, but does not require, the recordation of an assignment of interest in a Deed of Trust. *See* Neb. Rev. Stat. § 76-1017. Thus, the lack of a currently recorded assignment is consistent with the application of the Trust Deeds Act and does not reflect that Wells Fargo has not been assigned the note. Plaintiff identifies no authority indicating an assignment of interest must have been recorded at this time. This also does not indicate Wells Fargo would be unable to demonstrate its interest in order to establish standing at the time of a future judicial foreclosure proceeding. Wells Fargo has not yet needed to do so under Nebraska law and no facts are alleged which show that Wells Fargo *cannot* demonstrate such an interest. Further, for purpose of the nonjudicial foreclosure process, any transfer in interest in the note carries with it an interest in the Deed of Trust, independent of any recorded assignment, so Wells Fargo would not yet have had cause to record an assignment. *See* Neb. Rev. Stat. § 76-1016.

Plaintiff's Amended Complaint fails to establish that Wells Fargo is barred from foreclosing upon the Property. Plaintiff failed to perform equity and is thus not entitled to an order from this Court allowing him to retain the Property without satisfying the obligations he accepted by receiving the loan proceeds. The statute of limitations for a judicial foreclosure also

4846-7397-3002.1                                          9

has not yet run as the date of maturity for the loan has not been reached. Finally, Plaintiff's claim regarding Wells Fargo's standing to initiate judicial foreclosure is not yet ripe for adjudication by an Article III court and Plaintiff cannot rely on foreclosure documents recorded as part of a nonjudicial foreclosure process to create inferences about any future judicial foreclosure. Because Plaintiff cannot avoid his obligations under the loan and judicial foreclosure is still permissible under Nebraska law, Plaintiff's first cause of action fails to state a claim against Wells Fargo and should be dismissed.

### 3. Plaintiff's Second Cause of Action Fails to State a Claim for Laches.

Plaintiff seeks on order of this Court that Wells Fargo is "barred by the doctrine of laches from pursuing and enforcing any rights they may have pursuant to the Promissory Note and Deed of Trust executed by Plaintiff." (Amended Complaint, ¶ 31 and Prayer). Most notably, laches is a defense, and not an affirmative cause of action. Further, even if laches could be construed as an affirmative cause of action, Plaintiff cannot state a claim for laches, because the applicable statute of limitations has not yet run, and because Plaintiff has not pleaded any facts indicating a change in circumstances which would make it inequitable to allow Wells Fargo to exercise its foreclosure rights under the Deed of Trust.

"The defense of laches is not favored in Nebraska." *Dutton-Lainson Co. v. Continental Ins. Co.*, 271 Neb. 810, 832, 716 N.W.2d 87, 104 (2006). Laches "will be sustained only if a litigant has been guilty of inexcusable neglect in enforcing a right to the prejudice of his adversary." *Fritsch v. Hilton Land & Cattle Co.*, 245 Neb. 469, 482, 513 N.W.2d 534, 543 (1994). "Thus, the elements which must be shown…to successfully assert the doctrine of laches are (1) inexcusable neglect by the plaintiff and (2) prejudice resulting from such neglect." *Vanice*, 255 Neb. at 171, 582 N.W.2d at 619. Plaintiff fails to allege facts which establish either element of a claim for laches.

First, as stated above, laches is a defense and not an affirmative cause of action.

Second, Plaintiff fails to plead facts which would establish legally inexcusable neglect on the part of Wells Fargo. Plaintiff simply pleads "Defendants have neglected and failed to pursue their rights within a reasonable amount of time." (Amended Complaint, ¶ 29.) Plaintiff has stated no facts indicating any such delay was unreasonable. Moreover, as discussed above, the relevant statute of limitations governing foreclosure of real property has yet to run. Because Wells Fargo still has the legal right to foreclose pursuant to the statute of limitations, any delay cannot be legally inexcusable. *See Vanice*, 255 Neb. at 172, 582 N.W.2d at 619 ("such delay is not legally inexcusable because the breach of contract action was not time barred").

Third, Plaintiff has not identified any prejudice suffered as a result of the alleged delay. "Laches does not result from the mere passage of time, but from the fact that during the lapse of time, circumstances changed such that to enforce the claim would work inequitably to the disadvantage or prejudice of another." *Fritsch*, 245 Neb. at 481, 513 N.W.2d at 543. Plaintiff shows "neither that circumstances [have] changed nor that [he] suffered any prejudice due to anything other than the mere passage of time." *Vanice*, 255 Neb. at 173, 582 N.W.2d at 620. "Rather than being prejudiced by the delays, [Plaintiff] has enjoyed the full use and possession of the property ever since the contract was executed." *Fritsch*, 245 Neb. at 482, 513 N.W.2d at 543. Plaintiff has only alleged the passage of time. Plaintiff has not identified any prejudice suffered by Wells Fargo's alleged delay in foreclosing on the Property. As such, Plaintiff cannot state a claim for laches.

In addition to Plaintiff's failure to state a claim for laches, Plaintiff agreed in the Deed of Trust that "[a]ny forbearance by Lender on one or more occasions in exercising any right or remedy hereunder…shall not be a waiver of or preclude the later exercise of that or any other

right or remedy." (Deed of Trust, Amended Complaint, Ex. "B", ¶ 12, Case No. 11-04058, Filing 10-1.) As such, any delay by Wells Fargo was within its contractual rights under the Deed of Trust to which the Plaintiff agreed.

Plaintiff's Amended Complaint fails to plead facts sufficient to establish either element of the defense of laches. As such, Plaintiff fails to state a claim for laches and the Motion should be granted as to this cause of action.

    4.    **Plaintiff's Third Cause of Action Fails to State a Claim Under the FDCPA.**

In his third cause of action, Plaintiff attempts to assert a claim under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. §§ 1692 *et seq.* "The FDCPA is designed to protect consumers from abusive debt collection practices and to protect ethical debt collectors from competitive disadvantage." *Peters v. Gen. Serv. Bureau, Inc.*, 277 F.3d 1051, 1054 (8th Cir. 2002) (quoting 15 U.S.C. 1692(e)). The FDCPA defines a "debt collector" as:

> [A]ny person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . [T]he term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts.

15 U.S.C. § 1692(a)(6). The FDCPA's definition of "debt collector" specifically excludes "any officer or employee of a creditor collecting debts for such creditor." *Id.* § 1692(a)(6)(A). The FDCPA defines "creditor" as "any person who offers or extends credit creating a debt or to whom a debt is owed." *Id.* § 1692(a)(4).

Plaintiff has failed to state a claim against Wells Fargo under the FDCPA. Plaintiff has not alleged, nor can he allege, Wells Fargo was engaged in debt collection activity within the meaning of the FDCPA. "A mortgage foreclosure is not a debt collection activity." *Siegel v. Deutsche Bank National Trust Co.*, No. 8:08CV517, 2009 WL 3254491 at *4 (D. Neb. October

8, 2009). In *Siegel*, the District Court, in an action related to a foreclosure, held the FDCPA did not apply to foreclosure actions, explaining: "since foreclosing on a home is not debt collection and defendants are not debt collectors, plaintiffs cannot state a claim based on defendants' actions in foreclosing their home." *Siegel* 2009 WL 3254491 at *4; *see also, Chomilo v. Shapiro, Nordmeyer & Zielke, LLP*, 2007 WL 2695795 at *3-*4 (D. Minn. 2007) (explaining "Congress purposefully made a distinction between a debt collector and an enforcer of a security interest," and therefore enforcement of security interests fall outside the FDCPA). Further, a "mortgage servicing company" falls outside of the definition of "debt collector" and is more accurately described as a "creditor" under the FDCPA. *Hampton v. Countrywide Home Loans*, No. 8:09CV142, 2009 WL 1813648 at *2 (D. Neb. June 24, 2009). Because Wells Fargo was acting as a creditor, it is thus excluded from liability under the FDCPA. *See Schmitt v. FMA Alliance*, 398 F.3d 995, 998 (8th Cir. 2005) (holding "a distinction between creditors and debt collectors is fundamental to the FDCPA, which does not regulate creditors' activities at all. . . . Thus, we have no authority to place a duty upon [the creditor]"). Plaintiff's Amended Complaint establishes that the debt allegedly owed Wells Fargo was related to a mortgage loan and was being foreclosed upon by Wells Fargo as the loan servicer. (Amended Complaint, ¶¶ 4, 7, 9). The entirety of Plaintiff's Complaint is in fact an attempt to stall or reverse foreclosure. Moreover, "[t]here are no factual assertions whatsoever that the plaintiff[] suffered any abusive collection practices." *Siegel*, 2009 WL 3254491 at *4. As such, no "debt collection activity" is alleged in the Complaint and Plaintiff fails to state a claim under the FDCPA.

### IV. CONCLUSION

As outlined above, Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, as a matter of law. Therefore, the Court should dismiss these claims with prejudice pursuant to pursuant to Federal Rules of Bankruptcy Procedure, Rule 7012(b) and

Federal Rules of Civil Procedure, Rule 12(b)(6). Accordingly, Wells Fargo respectfully requests the Court grant its Motion to Dismiss the Adversary Proceeding Amended Complaint With Prejudice and grant all other relief the Court deems just and appropriate.

Dated this 3rd day of October 2011.

> WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A., Defendant.
>
> By: *s/ Jennifer L. Andrews*
> Jennifer L. Andrews #23504
> Attorney for Defendant
> Kutak Rock LLP
> The Omaha Building
> 1650 Farnam Street
> Omaha, NE  68102-2186
> (402) 346-6000
> jennifer.andrews@kutakrock.com

# CERTIFICATE OF SERVICE

      I hereby certify that on October 3, 2011 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

*Counsel for Plaintiff Daniel L. Koch*

James C. Bocott
LAW OFFICE OF JAMES C. BOCOTT
315 North Dewey Street, Suite 213
P.O. Box 1267
North Platte, NE 69103-1267
(308) 696-3118
Fax: (308) 696-3119
Email: jbocott@windstream.net

*Chapter 13 Trustee*

Kathleen Laughlin
Chapter 13 Trustee's Office
13930 Gold Circle
Suite 201
Omaha, NE 68144
(402) 697-0437
ecfclerk@ne13trustee.com

      I hereby certify that on October 3, 2011, I mailed the foregoing document via First Class Mail, postage prepaid, to the following:

*Counsel for Plaintiff Daniel L. Koch*

William J. Erickson
ERICKSON LAW OFFICE
707 South E Street
P.O. Box 327
Broken Bow, NE 68822-0327
(308) 872-6824
Fax: (308) 872-6825
Email: billericksonbbow@hotmail.com

*Registered Agent for Defendant TMS Mortgage Inc. d/b/a The Money Store*

MLD Mortgage Inc.
30 B Vreeland Road
Florham Park, NJ  07932

                          *s/Jennifer L. Andrews*
                          Jennifer L. Andrews #23504

4848-0701-1082.1